IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| SOL PUERTO RICO LIMITED,<br><br>    Plaintiff<br><br>    v.<br><br>LUIS MORALES-COLLAZO,<br><br>    Defendant | CIVIL NO. 09-1548 (JP) |

**JUDGMENT BY DEFAULT**

    Before the Court is Plaintiff Sol Puerto Rico Limited's ("Sol") motion for default judgment as to Defendant Luis Morales-Collazo ("Morales") (**No. 20**). Plaintiff's motion is unopposed.

    By way of background, Plaintiff filed the complaint (No. 1) in the instant action on June 16, 2009, alleging claims for false designation of origin, trade dress infringement, and unfair competition pursuant to the Lanham Act, 15 U.S.C. § 1051, *et seq.*, as well as breach of contract pursuant to Article 1053 of the Puerto Rico Civil Code, P.R. Laws Ann. tit. 31, § 317, and the Petroleum Marketing Practices Act ("PMPA"), 15 U.S.C. § 2801, *et seq.* On June 17, 2009, Plaintiff served the complaint and summons upon Defendant (No. 6). On June 23, 2009, the Court entered an Opinion and Order granting Plaintiff's motion for a Preliminary Injunction ordering Defendant Morales to immediately surrender to Plaintiff the

CIVIL NO. 09-1548 (JP)            -2-

Shell Caimital Service Station in Guayama, Puerto Rico (the "Station"), and to refrain from using Shell trademarks.

On June 24, 2009, Plaintiff effected service of the Preliminary Injunction upon Defendant (No. 8). Defendant did not comply with the Preliminary Injunction, and was subsequently removed from the Station by U.S. Marshals (No. 17). Defendant also did not file a responsive pleading or a request for extension of time within the twenty days after service permitted by Rule 12(a) of the Federal Rules of Civil Procedure. Accordingly, Plaintiff moved for entry of default (No. 18) and the Clerk of the Court entered default against Defendant (No. 19). Plaintiff subsequently filed the instant motion for default judgment (No. 20).

In support of its motion for default judgment, Plaintiff attached a declaration under penalty of perjury by Cándido Rivera-Torres ("Rivera"), president of Sol. Rivera states in his declaration that Defendant Morales has failed to pay Sol $10,800.00 in rent owed and $6,736.95 for gasoline delivered on December 26, 2009. Plaintiff has also provided copies of invoices and an accounting statement detailing the amounts owed.

Upon consideration of Plaintiff's evidence, the Court enters the following findings of fact:

  (1) Plaintiff is owed $17,536.95 by Defendant for rent and gasoline; and

CIVIL NO. 09-1548 (JP)        -3-

    (2) the termination and non-renewal of the franchise agreements between Plaintiff and Defendant was valid and effective under the provisions of the PMPA.

Pursuant thereto, the Court hereby **ENTERS JUDGMENT FOR PLAINTIFF TO HAVE AND RECOVER** from Defendant Morales the amount of **SEVENTEEN THOUSAND, FIVE HUNDRED THIRTY SIX DOLLARS AND NINETY FIVE CENTS ($17,536.95).** The Court further **ORDERS** that: (1) Morales **SHALL** comply with all post-termination covenants of the franchise agreements between Morales and Sol; and (2) Morales is permanently enjoined from further use of all Shell trademarks, trade dress, and color patterns.

    **IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 22nd day of October, 2009.

                                               s/Jaime Pieras, Jr.
                                                 JAIME PIERAS, JR.
                                    U.S. SENIOR DISTRICT JUDGE